IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 2 5 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ERIC LYNDELL MOORE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACKSON WALKER LLP; COPPER )<br>PROPERTY CTL PASS THROUGH TRUST; )<br>PENNEY INTERMEDIATE HOLDINGS )<br>LLC; H/2 CAPITAL PARTNERS LLC; )<br>BRIGADE CAPITAL MANAGEMENT, LP; )<br>SILVER POINT CAPITAL, L.P.; OWL )<br>CREEK ASSET MANAGEMENT, L.P., )<br>ONYX PARTNERS, LLC[1] )<br>)<br>Defendants. | C.A. No. 4:25-cv-02752 |

## PLAINTIFF'S MOTION TO DISMISS COPPER PROPERTY CTL PASS THROUGH TRUST (WITHOUT PREJUDICE AND UNDER DURESS)

Plaintiff Eric Lyndell Moore respectfully moves this Court to dismiss Defendant Copper Property CTL Pass Through Trust from this action, without prejudice, and states as follows:

### I. INTRODUCTION AND PRELIMINARY STATEMENT

1. Plaintiff Eric Lyndell Moore respectfully submits this Motion to Dismiss Copper Property CTL Pass Through Trust ("Copper Property Trust") from the above-captioned action. This motion is made under circumstances amounting to duress, as Plaintiff faces ongoing threats of civil contempt and other penalties in the Bankruptcy Court, following Copper Property Trust's emergency motion and subsequent order entered without proper notice or opportunity to be heard.

---

[1] Certain parties have not been named as defendants at this time as some may have already settled or are expected by Plaintiff Eric L. Moore to settle in the near future. This is not an exhaustive list of DIP Lenders who were overpaid or who misappropriated assets belonging to other J.C. Penney creditors.

1

2.  Plaintiff does not concede the merits of Copper Property Trust's arguments regarding jurisdiction or res judicata. Rather, Plaintiff seeks dismissal solely to avoid the risk of improper civil penalties and to facilitate ongoing settlement discussions. The grounds for this motion include: (1) the lack of jurisdiction asserted by Copper Property Trust in the bankruptcy proceedings; (2) the improper application of res judicata and issue preclusion; (3) significant due process violations, including the absence of notice and opportunity to respond; and (4) the fabrication of the procedural record in the bankruptcy court. Plaintiff requests that the Court take judicial notice of these circumstances and the constitutional infirmities underlying the request for dismissal.

## II. BACKGROUND AND PROCEDURAL HISTORY

3.  Plaintiff initiated this action against Copper Property Trust and other defendants, alleging misappropriation of assets and other claims arising from the J.C. Penney bankruptcy proceedings. On June 12, 2025, Plaintiff filed the complaint in this Court. On August 18, 2025, Copper Property Trust filed an emergency motion for civil contempt in the United States Bankruptcy Court for the Southern District of Texas, asserting that this Court lacked jurisdiction over the claims and that Plaintiff's allegations were barred by res judicata, as they purportedly sought to overturn the confirmed bankruptcy plan.

4.  On August 19, 2025, the Bankruptcy Court entered an order granting Copper Property Trust's motion for civil contempt (Exhibit A). Critically, this order was issued without providing Plaintiff any notice, opportunity to respond, or chance to participate in a hearing. The order recited that the court had considered "responses" and "arguments of counsel," yet no such responses existed or could have existed, as Plaintiff was not afforded

time to file any opposition. Only Copper Property Trust's motion was considered, resulting in a facially false procedural record.[2]

5. Plaintiff contends that these actions constitute a violation of due process under the Federal Rules of Bankruptcy Procedure 9014 and 7004, which require proper motion, service, and a meaningful opportunity to be heard. The Fifth Circuit has held that due process in contempt proceedings mandates notice and an opportunity to present evidence, as articulated in *In re White–Robinson*, 777 F.3d 792 (5th Cir. 2015). Unlike the contemnor in *White–Robinson*, Plaintiff here was denied any such opportunity, rendering the August 19 order constitutionally void.

6. Further, the fabricated record—where the court recited procedures that never occurred—strikes at the integrity of the judicial process and deprives Plaintiff of fundamental protections. Federal courts have recognized that such defects render orders void and cannot serve as a basis for contempt or other penalties.

7. In light of these procedural irregularities and the ongoing threat of civil penalties, Plaintiff has engaged in settlement discussions with Copper Property Trust and another defendant. To avoid further improper sanctions and to preserve Plaintiff's rights, Plaintiff now seeks to dismiss Copper Property Trust from this action, expressly reserving all rights and claims against other parties and underlining that this dismissal is made without prejudice and under duress.

### III. LEGAL STANDARD FOR DISMISSAL

8. A motion to dismiss may be granted under several legal standards, each of which is implicated by the circumstances presented in this case.

---

[2] The "emergency" motion set **August 29, 2025** as the deadline for Plaintiff's response, stating: *"Emergency relief has been requested... Relief is requested not later than 4:00 p.m. (prevailing central time) on August 29, 2025...."* Despite this, the Bankruptcy Court signed the order on **August 19, 2025**—ten days before the noticed response date.

### A. Lack of Subject Matter Jurisdiction.

9. Federal courts are courts of limited jurisdiction and must dismiss any action over which they lack subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim on this basis. Jurisdictional challenges may arise where, as here, a bankruptcy court asserts exclusive jurisdiction over certain claims, or where post-confirmation disputes between non-debtors fall outside the scope of bankruptcy jurisdiction. The Fifth Circuit has held that bankruptcy court jurisdiction "diminishes with plan confirmation" and does not extend to disputes between non-debtors over post-confirmation contracts. See *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390–91 (5th Cir. 2001); see also *In re Resorts Int'l, Inc.*, 372 F.3d 154, 165–66 (3d Cir. 2004).

### B. Procedural Due Process

10. Dismissal may also be warranted where a party has been deprived of procedural due process. The Due Process Clause of the Fifth Amendment requires that litigants receive notice and a meaningful opportunity to be heard before adverse judicial action is taken. In the context of contempt proceedings, the Fifth Circuit has emphasized that due process mandates both notice and an opportunity to present evidence. See *In re White–Robinson*, 777 F.3d 792 (5th Cir. 2015). Orders entered without such procedural safeguards are constitutionally infirm and may be void.

### C. Authority to Dismiss Under Duress and Constitutional Infirmity

11. Federal courts possess inherent authority to dismiss claims where continued litigation would result in manifest injustice, or where a party is compelled to seek dismissal under duress arising from improper or unconstitutional judicial action. Dismissal without prejudice is appropriate where the moving party expressly reserves rights and where the circumstances indicate that the dismissal is not a voluntary relinquishment of claims, but

4

rather a necessary response to ongoing threats of civil penalties or fabricated judicial records.

### D. Dismissal Without Prejudice

12. Dismissal without prejudice preserves the plaintiff's right to reassert claims in the future, subject to applicable limitations. Courts routinely grant such relief where the interests of justice so require, particularly in cases involving procedural irregularities or unresolved jurisdictional questions.

13. In sum, the Court is empowered to dismiss claims where subject matter jurisdiction is lacking, where due process violations have occurred, or where the interests of justice demand relief in light of duress or constitutional infirmity. These standards guide the Court's consideration of the present motion.

## IV. ARGUMENTS FOR DISMISSAL

### A. Lack of Jurisdiction

14. Copper Property Trust has asserted, both in the Bankruptcy Court and in its filings before this Court, that jurisdiction over the claims against it is lacking. The Bankruptcy Court's order of August 19, 2025, was predicated on the assertion that Plaintiff's claims are an impermissible collateral attack on the confirmed bankruptcy plan and thus fall within the exclusive jurisdiction of the bankruptcy court. However, the Fifth Circuit has made clear that bankruptcy court jurisdiction "diminishes with plan confirmation" and does not extend to disputes between non-debtors over post-confirmation contracts. See *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390–91 (5th Cir. 2001); see also *In re Resorts Int'l, Inc.*, 372 F.3d 154, 165–66 (3d Cir. 2004). Plaintiff's claims, as pled, concern post-confirmation conduct and do not seek to overturn the plan itself. Accordingly, the assertion of jurisdictional exclusivity by Copper Property Trust is

5

misplaced, and the threat of contempt for pursuing these claims in this Court is unsupported by controlling law.

**B. Due Process Violations**

15. The procedural history of this matter is marked by significant due process violations. The Bankruptcy Court's August 19 order was entered without providing Plaintiff any notice, opportunity to respond, or chance to participate in a hearing. Federal Rules of Bankruptcy Procedure 9014 and 7004 require proper motion, service, and a meaningful opportunity to be heard before any adverse action may be taken. The Fifth Circuit has held that due process in contempt proceedings mandates both notice and an opportunity to present evidence. See *In re White–Robinson*, 777 F.3d 792 (5th Cir. 2015). Unlike the contemnor in *White–Robinson*, Plaintiff here was denied any such opportunity, rendering the August 19 order constitutionally void. The deprivation of these fundamental procedural rights not only undermines the legitimacy of the contempt order but also compels Plaintiff to seek dismissal under circumstances that are manifestly unjust.

**C. Fabricated Record and Procedural Misconduct**

16. The August 19 order recites that the court considered "responses" and "arguments of counsel." In reality, no such responses existed or could have existed, as Plaintiff was not afforded time to file any opposition. Only Copper Property Trust's motion was considered, resulting in a facially false procedural record. Federal courts have long recognized that fabricated judicial records strike at the integrity of the process itself and cannot be permitted to stand. Orders entered on the basis of nonexistent procedures deprive the affected party of notice, the opportunity to be heard, and the protections of due process. Such defects render the order void and provide no basis for contempt or other penalties.

The presence of a fabricated record in this case is a grave procedural irregularity that further supports the necessity of dismissal.

### D. Dismissal Under Duress and Constitutional Infirmity

17. Plaintiff's request for dismissal is not a voluntary relinquishment of claims, but rather a compelled response to ongoing threats of civil contempt and other penalties in the Bankruptcy Court. The duress under which this motion is made is evidenced by the procedural and constitutional infirmities described above, as well as the initiation of settlement discussions in an effort to avoid further improper sanctions. Federal courts possess inherent authority to grant relief where continued litigation would result in manifest injustice or where a party is compelled to seek dismissal under duress arising from improper or unconstitutional judicial action. Dismissal without prejudice is appropriate in these circumstances, as it preserves Plaintiff's rights and ensures that the dismissal is not construed as a waiver of claims or a concession of the merits.

18. In sum, the combination of jurisdictional defects, due process violations, fabricated procedural record, and the duress imposed by the threat of contempt compels the dismissal of Copper Property Trust from this action. Plaintiff respectfully requests that the Court take judicial notice of these circumstances and grant the requested relief.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

19. Dismiss all claims against Copper Property CTL Pass Through Trust from the above-captioned action, without prejudice;

20. Take judicial notice of the procedural and constitutional irregularities, including the lack of notice, opportunity to be heard, and the fabrication of the record in the underlying bankruptcy proceedings;

21. Recognize that this motion is made under duress, in response to ongoing threats of civil contempt and improper sanctions, and not as a voluntary relinquishment or waiver of any claims or rights;

22. Preserve Plaintiff's rights to pursue these or related claims in the future, as justice and the law may allow; and

23. Grant such other and further relief as the Court deems just and proper in light of the circumstances.

## VI. CONCLUSION

24. For the foregoing reasons, Plaintiff respectfully urges the Court to grant this Motion to Dismiss Copper Property CTL Pass Through Trust without prejudice. The record demonstrates a lack of subject matter jurisdiction, egregious due process violations, and the fabrication of judicial procedures, all of which have compelled Plaintiff to seek dismissal under duress. Judicial oversight is warranted to ensure that the rights of all parties are protected and that the integrity of the judicial process is maintained. Plaintiff reiterates that this dismissal is not a concession on the merits, but a necessary response to unconstitutional and improper conduct in the underlying proceedings.

Dated: August 25, 2025

Respectfully submitted,

ERIC L. MOORE
/s/ *Eric L. Moore*
Eric L. Moore
202 Island Avenue
San Diego, CA 92101
Telephone: (336) 671-2193
Email: moorelyndell7@gmail.com

*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

/s/ *Eric L. Moore*

Eric L. Moore
202 Island Avenue
San Diego, CA 92101
Telephone: (336) 671-2193
Email: moorelyndell7@gmail.com

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| J.C. PENNEY DIRECT MARKETING ) | Case No. 20-20184 (CML) |
| SERVICES, LLC, *et al.*,[1] ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| ) | |

### ORDER TO ENFORCE THE COURT'S ORDERS AND FOR CIVIL CONTEMPT

The Court, having considered *Copper Property CTL Pass Through Trust's Emergency Motion to Enforce the Court's Orders and for Civil Contempt* against Eric Moore (the "Motion"), any responses thereto, and the arguments of counsel, finds that the Motion should be GRANTED. It is therefore

ORDERED that the Motion is GRANTED.

Signed: August 19, 2025

*[signature]*
Christopher Lopez
United States Bankruptcy Judge

---

[1] A complete list of each of the Wind-Down Debtors in these chapter 11 cases may be obtained on the website of the Wind-Down Debtors' claims and noticing agent at https://cases.ra.kroll.com/jcpenney/Home-Index.