United States District Court
Southern District of Texas
ENTERED
September 16, 2025
Nathan Ochsner, Clerk

FILED
SEP 16 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIC LYNDELL MOORE,** <br> **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:25-CV-2752-AM** |
| **JACKSON WALKER LLP, PENNEY INTERMEDIATE HOLDINGS LLC, H/2 CAPITAL PARTNERS LLC, BRIGADE CAPITAL MANAGEMENT, L.P., SILVER POINT CAPITAL, L.P., AND OWL CREEK ASSET MANAGEMENT, L.P.,** <br> **Defendants.** | § | |

## ORDER

Before the Court are Barnett Capital Advisors LLC's ("Barnett Capital") Motion to Intervene and Statement of Joinder [ECF No. 4] and Michael Wachs's ("Wachs") Motion to Intervene and Statement of Joinder in Complaint [ECF No. 8]. Pursuant to Federal Rule of Civil Procedure Rule 24(b), the movants assert that their legal interests align with the Plaintiff's interests and that their claims arise from the same set of facts and legal questions concerning the Defendants. (ECF Nos. 4, 8.)

On September 8, 2025, Brigade Capital Management, L.P., H/2 Capital Partners LLC, Owl Creek Asset Management, L.P., and Silver Point Capital, L.P. and Penney Intermediate Holdings, LLC, filed a Motion to Dismiss the Plaintiff's Second Amended Complaint. (ECF No. 50.)[1] In this motion the Defendants lay out several reasons why dismissal would be appropriate and ask the Court to deny intervention because the arguments justifying dismissal would apply equally to

---

[1] The Court will reserve its decision on the primary arguments of the motion to dismiss until they have been fully briefed by all parties.

the intervening parties. Having considered the motions, briefing, and the relevant law, the motions to intervene are **GRANTED**. (ECF Nos. 4, 8.)

Rule 24(b) of the Federal Rules of Civil Procedure states, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Moreover, "[p]ermissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Finally, the question of whether a motion to intervene is timely, "is largely committed to the discretion of the district court." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).

Here, Movant Barnett Capital filed its motion to intervene only four days after the original complaint was filed. (ECF No. 4.) Additionally, Movant Wachs filed his motion to intervene eighteen days after the original complaint. (ECF No. 8.) As such, the motions to intervene are clearly timely and the Court does not believe that they would unduly delay the adjudication of this action.

Additionally, the movants' claims and the claims constituting the subject of this action unquestionably have questions of law and fact in common. All claims arise out of the same factual dispute surrounding J.C. Penney's Chapter 11 bankruptcy proceedings. Moreover, the Plaintiff and the movants are similarly situated as holders of various secured and unsecured bonds. (*See* ECF No. 23, Amended Complaint.) Movant Barnett Capital asserts that it is the beneficial holder of $157,725,000.00 in J.C. Penney first lien senior secured notes and $172,888,000.00 in second lien senior secured notes. (ECF No. 4.) Movant Wachs states he is the beneficial holder of

approximately $1,500,000.00 in J.C. Penney first lien senior secured notes. (ECF No. 8.) The movants also adopt and incorporate by reference the Complaint filed by the Plaintiff. Given that the motions to intervene were timely, the Plaintiff and the movants are similarly situated, and the movants and Plaintiff share claims arising from common questions of law and fact, the Court finds permissive joinder appropriate.

Accordingly, the Motions [ECF Nos. 4, 8] are **GRANTED**.

SIGNED and ENTERED on this 16th day of September 2025.

ALIA MOSES
Chief United States District Judge